UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

DAVID CRENSHAW, SR.,                            Case No.: 11-03355-MAM

    Debtor.

**ORDER GRANTING CHERLINDA MONTEIRO AND HENRIETTA TOTH'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

W. Alexander Gray, Jr., Attorney for Cherlinda Monteiro and Henrietta Toth, Mobile, Alabama
Herman D. Padgett, Attorney for the Debtor, Mobile, Alabama

This matter is before the Court pursuant to Creditors Cherlinda Monteiro and Henrietta Toth's motion for relief from the automatic stay. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. Cherlinda Monteiro and Henrietta Toth's motion for relief from the automatic stay is due to be GRANTED.

FACTS

The parties stipulated to the following facts:

1.     Cherlinda Monteiro and Henrietta Toth ("Monteiro/Toth") filed a lawsuit in Mobile County Circuit Court against the Debtor, David Crenshaw, Sr., and David Crenshaw, Jr., in the case styled Monteiro/Toth, et al v. Crenshaw, et al, Case No. CV-2010-0808. The Defendants were served, but failed to answer or otherwise defend the lawsuit, and judgments were entered by the Circuit Court against the Defendants on November 12, 2010.[1]

---
[1] Two judgments were entered, one in the amount of $73,950, and the other in the amount of $44,430.

1

2. After the time for appeal ran, Monteiro/Toth recorded on January 18, 2011, a Certificate of Judgment in the amount of $118,380.00 plus $575.00 for costs, at RP 6742, Page 1258 of the Mobile County Probate Court records.

3. The Debtor owns approximately 10 acres of undeveloped land in Mobile County, Alabama, described as follows:

> Lot 1 and Lot 2 David's Manor as recorded in Map Book 93, Page 27, Section 26, Township 4 South, Range 3 West, Mobile County, Alabama (the "Property")

The Property is unimproved real property, and there are no structures or other buildings located on the Property. The Debtor does not reside on the Property, and the Property does not currently produce any income for the Debtor.

4. In July, 2011, Monteiro/Toth sought a levy and execution on the Property through the Mobile County Sheriff's Office. After a levy on the Property by the Sheriff and notice of a Sheriff's Sale set for August 22, 2011, the Debtor filed a motion in the Circuit Court, under ARCP 60(b), to set aside the judgment. This motion was filed before the date set for the Sheriff's sale. When Monteiro/Toth did not agree to postpone the Sheriff's sale, the Debtor filed this Chapter 13 case on August 19, 2011—a little more than eight months after the recording of the judgment in Probate Court. The motion to set aside the judgment was denied by the Circuit Court on June 5, 2012.

5. The Debtor listed the Property on Schedule A, but did not show any secured claim, including Monteiro/Toth's, attaching to the Property. The Debtor listed the value of the Property as $60,000. The Debtor did not exempt the Property on Schedule C. The Debtor did not list Monteiro/Toth as a secured creditor, but did list Monteiro/Toth as an unsecured creditor (the only unsecured creditor) with an unsecured claim of $1.00, which the Debtor marked as "contingent, unliquidated, and disputed."

6. A recent appraisal by Donald Holyfield valued the Property, as of August 28, 2012, at $60,000.

7. The bar date for the filing of proofs of claim was December 28, 2011. Monteiro/Toth did not file a claim before the bar date, but did file a claim on August 16, 2012, as a secured claim in the amount of $129,034.20. The Debtor objected to Monteiro/Toth's proof of claim on the basis that it was not timely filed, and at a hearing on the claim objection on August 16, 2012, the Court sustained the Debtor's objection to the claim on the basis that it was filed after the bar date. Monteiro/Toth did not file a motion to alter or amend this order, and did not seek appellate review of the order.

8. The Debtor's Chapter 13 plan made no provision for any payment to Monteiro/Toth as a secured creditor. The plan provided for a payment of 100% to unsecured creditors. Consistent with the local rule, the Debtor's Chapter 13 plan states that all property in the Debtor's estate re-vests in the Debtor only upon completion of the plan and Debtor's receipt of a discharge. Since Monteiro/Toth's secured claim was disallowed, the Court overruled their objection to Debtor's proposed plan, and the Court confirmed the plan. Monteiro/Toth did not file a motion to alter or amend the order, and did not seek appellate review of the order.

9. Two creditors besides Montiero/Toth filed proofs of claim in the Debtor's case. One was a claim for a secured car loan, for which the Debtor provided a preference payment in his plan. The second claim is for post-petition ad valorem taxes that is paid directly, and is not receiving a payment under the plan. The Debtor is current on his chapter 13 payments through October 2012. Three parties are receiving payments under the confirmed plan: the Debtor's bankruptcy counsel (for fees); the secured car loan creditor (preference payment); and the Chapter 13 Trustee (statutory

commissions).

Monteiro/Toth filed the underlying motion for relief from the automatic stay on August 27, 2012 seeking relief in order to pursue state law remedies with regard to their lien on the Property. This court conducted a hearing on October 31, 2012. Monteiro/Toth offered 16 exhibits into evidence, including *inter alia* copies of the state court judgments, the certificate of judgment, and the writ, lis pendens, and notice of Sheriff's sale. In addition, the following facts, which were brought to light at the hearing, are pertinent to resolution of this matter. The Debtor's confirmed plan includes one secured asset, a car. The Debtor's plan proposes to pay allowed general unsecured claims 100% and will likely pay out in 19 to 20 months. The Property produces no income that is used for plan payments and no sale of the Property is contemplated in the plan or otherwise.

## LAW

Monteiro/Toth's motion for relief from the automatic stay is made pursuant to 11 U.S.C. § 362(d)(2). However, before undertaking analysis under that code section, this court must resolve several preliminary issues related to the effect of confirmation on Monteiro/Toth's judgment lien.

### Preliminary Issues

First, it is clear that Monteiro/Toth's lien will pass through the bankruptcy case. The parties do not dispute that Monteiro/Toth's judgment lien is valid as against the Property. However, the Debtor argues that confirmation of his Chapter 13 plan and, particularly, 11 U.S.C. § 1327(c) extinguishes Monteiro/Toth's lien. Section 1327(c) states:

> Except as otherwise provided in the plan or the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

4

The Debtor's argument is not persuasive. "[Section] 1327 does not operate to extinguish a lien on property passing through a bankruptcy for which no proof of claim is filed." *In re Thomas*, 883 F.2d 991, 998 (11th Cir. 1989); *In re Vankell*, 311 B.R. 205 (Bankr. E.D. Tenn. 2004) (holding that liens that are disallowed pass through bankruptcy unaffected unless they are specifically avoided). This is so because Monteiro/Toth's secured claim was not "provided for by the plan." To be provided for in a plan, "'the plan must, at a minimum, clearly and accurately characterize the creditor's claim throughout the plan,' and must give specific notice to the creditor if the claim is not fully protected." *In re Demarco*, 258 B.R. 30, 35 (Bankr. M.D. Fla. 2000) (quoting *In re Deutchman*, 192 F.3d 457, 461 (4th Cir. 1999)). Here, the Debtor scheduled an unsecured claim owed to Monteiro/Toth. That characterization is insufficient to provide for Monteiro/Toth's secured claim. Therefore, because Monteiro/Toth's lien is valid, was not avoided, and was not provided for in the plan, it passes through the Debtor's Chapter 13 case.

Second, the confirmation order is not *res judicata* as to Monteiro/Toth's lien. While it is true that the confirmation order is final and binds Monteiro/Toth, 11 U.S.C. § 1327(a), the confirmed plan is only *res judicata* "as to any issues resolved or subject to resolution at the confirmation hearing." *In re Meeks*, 237 B.R. 856, 858-59 (Bankr. M.D. Fla. 1999); *In re Seidler*, 44 F.3d 945, 948 (11th Cir. 1995). The lien in this case was not avoided at confirmation, nor was it provided for in the Debtor's plan. The confirmation hearing only dealt with the issue of whether Monteiro/Toth's late-filed secured claim should be allowed—which this court ultimately answered in the negative. Such a determination does not act as *res judicata* to Monteiro/Toth's lien upon the Property because the secured lien was not treated in the confirmed plan. Moreover, for the same reason, the confirmation order does not preclude Monteiro/Toth's

motion for relief from the stay. *In re Zimmerman*, 276 B.R. 598, 603 (Bankr. C.D. Ill. 2001); *In re Lee*, 182 B.R. 354 (Bankr. S.D. Ga. 1995).

Third, in contrast to Monteiro/Toth's secured claim, the Debtor's confirmed plan provided for Monteiro/Toth's unsecured claim. Unsecured claims are to be paid through the plan. In fact, the confirmed plan proposes to pay unsecured claims 100%. Monteiro/Toth's unsecured claim is disallowed, so it will not be paid. However, the class of unsecured claims is provided for. Therefore, if the Debtor successfully completes his Chapter 13 plan, then the unsecured claim of Monteiro/Toth will be discharged, even though not paid.

## 11 U.S.C. § 362(d)(2)

Monteiro/Toth's motion for relief from the automatic stay is specifically made pursuant to 11 U.S.C. § 362(d)(2), forgoing a determination by this court under § 362(d)(1). In order to warrant relief from the automatic stay pursuant to § 362(d)(2), the court must be satisfied that (1) the Debtor has no equity in the Property and (2) that the Property is not necessary for an effective reorganization. Both requirements must be met. As the movant, Monteiro/Toth bears the burden of proof to demonstrate that the Debtor has no equity in the properties; the Debtor shoulders the burden as to all other issues. 11 U.S.C. § 362(g). The parties' respective burdens must be satisfied by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S 279, 287 (1991).

"Equity ... is the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors." *Matter of Holly's, Inc.*, 140 B.R. 643, 697-98 (Bankr. W.D. Mich. 1992). The Debtor's lack of equity is undisputed. The value of the Property is significantly less than the value of Monteiro/Toth's judgment lien, which is still growing. The Debtor does not controvert his lack of equity. Therefore, relief from the

6

Case 11-03355    Doc 65    Filed 11/05/12    Entered 11/05/12 14:35:31    Desc Main
Document      Page 6 of 8

automatic stay pursuant to § 362(d)(2) hinges on whether the Property is necessary for an effective reorganization.

For property to be necessary for an effective reorganization there must be "a reasonable possibility of a successful reorganization within a reasonable time." *United Savings Association v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 376–77 (1988); *In re Equitable Development Corp.*, 196 B.R. 889, 891 (Bankr. S.D. Ala. 1996). It is not enough for a Debtor to show that his very survival depends on the property at issue; he must show that his prospects for an effective reorganization are reasonably possible. *In re Albany Partners, Ltd.*, 749 F.2d 670, 673 n.7 (11th Cir. 1984). The Debtor's burden to demonstrate his prospects for an effective reorganization is on a "sliding scale" where "the burden enlarges as the bankruptcy case progresses." *Holly's*, 140 B.R. at 699-700. "Therefore, if the relief from stay is requested at the early stages of the bankruptcy case, the burden upon the debtor is less stringent." *Id.* at 700. Still, the Court must keep in mind the "reasonableness of delay imposed upon a creditor while the debtor is progressing toward plan confirmation." *Id.*

In this case, the Property is not necessary for the Debtor's reorganization. The Property is 10 acres of undeveloped and unused land which provides no income to the Debtor. As noted by Monteiro/Toth, this case presents a unique set of facts. The Property is not the Debtor's home or car or other item used by the Debtor. If it were, the court might be inclined to find it necessary to the Debtor's reorganization. Moreover, the secured claim of the creditor in this case is not being treated in the plan. As such, the court cannot weigh the secured creditor's treatment against withholding relief from the stay. Therefore, because the Property is not necessary for an effective reorganization and the Debtor has no equity in the Property, this court may grant Monteiro/Toth's requested relief as to the Property.

7

Case 11-03355    Doc 65    Filed 11/05/12    Entered 11/05/12 14:35:31    Desc Main
Document      Page 7 of 8

It is important to note that granting relief from the stay in this case does not prejudice any other creditors in the Debtor's bankruptcy case. Only three parties are being paid through the plan and all allowed claims are being paid in full. The Debtor's plan payments are current as of this filing and the case is likely to pay out early. Further, no sale of the property is contemplated by the confirmed plan to potentially fund other creditors' claims.

THEREFORE IT IS ORDERED

1. Creditors Cherlinda Monteiro and Henrietta Toth's motion for relief from stay is GRANTED pursuant to 11 U.S.C. § 362(d)(2).


Dated: November 5, 2012


_Margaret A. Mahoney_
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE